UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vincent N.,<br><br>  Petitioner,<br><br>v.<br><br>William P. Barr, Attorney General[1];<br>Kirstjen Nielsen, Secretary, Department of Homeland Security; Ronald Vitiello, Acting Director, Immigration and Customs Enforcement; Peter Berg, Director, St. Paul Field Office, Immigration and Customs Enforcement; and Kurt Freitag, Sheriff, Freeborn County,<br><br>  Respondents. | Case No. 19-cv-0181 (DWF/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

On January 24, 2019, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). (*See* Pet. at 7 [Doc. No. 1].) For the reasons set forth below, the Court recommends that the Petition be dismissed without prejudice.

I. **Background**

Petitioner is a native and citizen of Burundi. (Pet. at 3, ¶ 1 [Doc. No. 1]; Kresser Decl. ¶ 7 [Doc. No. 7].) On April 27, 2018, Petitioner was served with a Notice to Appear in Removal Proceedings upon a charge of being removable under 8 U.S.C.

---

[1] William P. Barr should be substituted for Matthew Whittaker pursuant to Federal Rule of Civil Procedure 25(d).

§ 1227(a)(2)(B)(i) for having been convicted of violating (or conspiring or attempting to violate) a law relating to a controlled substance other than a single offense involving possession for one's own use of 30 grams or less of marijuana.  (Kresser Decl. ¶ 10 & Ex. A.)  Petitioner was detained without bond pursuant to 8 U.S.C. § 1226(c)(1)(B).  (Kresser Decl. ¶ 12 & Ex. A.)  Petitioner requested review of his custody determination by an Immigration Judge ("IJ").  (Kresser Decl. ¶ 12 & Ex. A.)  A hearing before an IJ was held on June 5, 2018, and the IJ informed Petitioner that he was not eligible for humanitarian or conditional parole because his detention was mandatory.  (Kresser Decl. ¶ 13 & Ex. B at 10.)  The IJ issued an order of removal on September 6, 2018, ordering Petitioner removed to Burundi.  (Kresser Decl. ¶ 14 & Ex. C.)  Petitioner appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on February 1, 2019.  (Kresser Decl. ¶¶ 15–16 & Ex. D.)

**II.    Discussion**

A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release.  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  The right to petition for habeas relief is a foundational legal principle in the United States, *see* U.S. Const. art. 1, § 9, cl. 2, and has been recognized as "an integral part of our common-law heritage," *Preiser*, 411 U.S. at 485.  Relevant here, 28 U.S.C. § 2241 confers jurisdiction on federal courts to hear certain habeas challenges to the lawfulness of immigration-related detentions.  *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  A district court may review immigration-related detentions to determine if they comport with the demands of the Constitution, *id.* at 688,

but a court may not review a discretionary decision made by immigration authorities such as the decision to order that a noncitizen be removed to another country, *see* 8 U.S.C. § 1252(a)(5), (g).  Accordingly, the Court may not second-guess decisions made within the discretion of an immigration authority but may assess the constitutional permissibility of the detention itself.  *See Davies v. Tritten*, No. 17-cv-3710 (SRN/SER), 2017 WL 4277145, at *2 (D. Minn. Sept. 25, 2017).

At the time Petitioner filed his Petition on January 24, 2019, he was in "pre-removal detention" and subject to mandatory detention under 8 U.S.C. § 1226(c)(1).  When the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal, however, Petitioner's removal order became administratively final, and the statutory basis for his detention shifted from § 1226(c)(1) to § 1231(a).  Under § 1231(a), which applies to "post-removal detention," the Attorney General is required to detain aliens subject to a final removal order for a ninety-day period.  8 U.S.C. § 1231(a)(1)(A), (2).  Petitioner is currently detained under the post-removal detention statute, and the length of his post-removal detention has not exceeded ninety days.

The change in the statutory basis for Petitioner's detention moots his challenge to the length of his § 1226(c) detention.  *See, e.g.*, *Oyelude v. Chertoff*, 170 F. App'x 366, 367 n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted on June 23, 2004, when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."); *Chuol v. Sessions*, No. 17-cv-4700 (JNE/TNL), 2018 WL 1598624, at *3 (D. Minn. Feb. 27, 2018) ("When Petitioner's order of removal became final on March 10, 2017, ICE's authority to detain Petitioner

shifted from § 1226 to § 1231, thereby rendering moot Petitioner's claim challenging his detention under § 1226."), *R. & R. adopted*, 2018 WL 1587611 (D. Minn. Apr. 2, 2018). Accordingly, Petitioner's challenge to his detention under § 1226(c) is moot, and the only remaining question is whether the length of Petitioner's detention pursuant to § 1231(a) is unconstitutional. *See Oyelude*, 170 F. App'x at 367–68.

When the Board of Immigration Appeals dismissed Petitioner's appeal on February 1, 2019, his order of removal became final. *See* 8 C.F.R. § 1241.1(a). The government is expressly authorized to detain Petitioner for a "removal period" of ninety days. *See* 8 U.S.C. § 1231(a)(1)(A), (2). The removal period begins on the latest of:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). An alien must be detained during the ninety-day removal period. *Zadvydas*, 533 U.S. at 683. Because Petitioner's current detention falls within the ninety-day removal period, he is not entitled to release on the basis that his detention is unconstitutionally prolonged.

Moreover, even when the initial, ninety-day removal period ends, the government may continue detaining Petitioner if certain criteria are established. *See* 8 U.S.C. § 1231(a)(1)(C). Indeed, under *Zadvydas*, "[o]nce a person is finally ordered removed from the United States, it is presumptively constitutional for the government to detain him for a 6-month period." *Sokpa-Anku v. Paget*, No. 17-cv-1107 (DWF/KMM), 2018

4

WL 3130681, at *3 (D. Minn. June 8, 2018), *R. & R. adopted*, 2018 WL 3129002 (D. Minn. June 26, 2018); *Bah v. Cangemi*, 489 F. Supp. 2d 905, 916 (D. Minn. 2007). Thus, for a habeas claim to be viable after *Zadvydas*, the six-month period considered "presumptively reasonable" must have expired before the petition is filed. *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (*per curiam*) ("A petition filed before the expiration date of the presumptively reasonable six months of detention [prescribed by *Zadvydas*] is properly dismissed as premature.").

Furthermore, the *Zadvydas* court did not construe the six-month mark as a red line, beyond which "every alien not removed must be released." *See* 533 U.S. at 701. Rather, "[a]fter this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* It would be premature to make that determination at this time. *See Alier D. v. Sec'y of Dep't of Homeland Sec.*, No. 18-CV-1645 (NEB/HB), 2018 WL 5847244, at *3 (D. Minn. Nov. 8, 2018). Therefore, and because future circumstances may affect the reasonableness of Petitioner's continued detention, the Court recommends that the Petition be dismissed without prejudice.

### III. Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

> 1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [Doc. No. 1] be **DISMISSED WITHOUT PREJUDICE**; and

2. William P. Barr be substituted for Matthew Whittaker as a respondent in this action.

Dated: April 10, 2019                              *s/ Hildy Bowbeer*
                                                   HILDY BOWBEER
                                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the Report and Recommendation.  A party may respond to the objections within fourteen days after being served with a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c)(1).